FOX FILM CORPORATION, Respondent, *v.* STUARD HIRSCHMAN and Others, Appellants, Impleaded with THE CITY OF NEW YORK, Defendant.

Second Department, April 15, 1921.

**Equity — specific performance — contract for sale with agreement to assign awards made for lands taken for street uses — equity may direct setoff against assessments on plaintiff's lands without decreeing assignment.**

In a suit under a contract of sale to compel the assignment of awards made for land taken in New York city for street uses, in which the city is a defendant, it is not necessary for the court to decree an assignment and then a setoff of the awards against the assessments on plaintiff's property, and it may properly direct that the awards involved be set off against said assessments.

APPEAL by the defendants, Stuard Hirschman and others, from a judgment and decree of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Queens on the 3d day of December, 1919, on the decision of the court rendered after a trial at the Queens Special Term.

This suit was brought to reform a contract for the sale of land and to compel an assignment to the plaintiff, pursuant to the terms of the contract, of awards made for that part of the land taken for street purposes and to have the city of New York set off the said awards against the assessments levied on the land so purchased by the plaintiff.

*Benjamin Trapnell,* for the appellants Hirschman.

*A. S. Gilbert* [*Jerome E. Malino* with him on the brief], for the appellant Chop Tank Company, Inc.

*Saul E. Rogers* [*Percy Heiliger* with him on the brief], for the respondent.

JAYCOX, J.:

Under the decree herein the plaintiff obtains just what the defendant Chop Tank Company agreed to convey to it.

It is conceded by the defendant Stuard Hirschman that he and the Chop Tank Company are virtually one and the same. Therefore, the plaintiff was entitled under the contract to any rights of the defendant Hirschman which came within the terms of the contract. By the contract the plaintiff was to receive the premises therein described, " Excepting therefrom such lots or parts of lots as have been taken by the City of New York for the opening or widening of Ditmars Avenue and Fifty-first Street." If the city had not taken title in these proceedings the whole premises passed to the plaintiff and it is entitled to any award made for premises subsequently taken. If the city had taken any of the premises, then this provision of the contract applied: " This sale covers all right, title and interest of the seller of, in and to any land lying in the bed of any street, road or avenue, opened or proposed, in front of or adjoining said premises, to the center line thereof, or all right, title, and interest of seller in and to any award made or to be made in lieu thereof, and the seller will execute and deliver to the purchaser, on closing of title, or thereafter, on demand, all proper instruments for the conveyance of such title and the assignment and collection of such award." Under this provision of the contract the plaintiff was entitled to have the defendants assign to it any award for lands taken for street openings. The defendants have not made these assignments. Equity, however, regards that as done which ought to have been done, and there was, therefore, no reason for decreeing an assignment and then a setoff. Under its broad powers the court was right in adapting the relief granted to the situation then presented. It very properly directed that the awards involved in this action be set off against the assessments upon plaintiff's lands. The findings are amply supported by the allegations in the complaint specifically admitted or not denied by the answer.

The judgment should be affirmed, with costs.

Present — Mills, Rich, Putnam, Kelly and Jaycox, JJ.

Judgment unanimously affirmed, with costs.